

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,887

### EX PARTE FREDERICK LANE JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 38837-B IN THE 124TH DISTRICT COURT
### FROM GREGG COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to forty years' imprisonment. He did not appeal his conviction.

Applicant contends that he was denied his right to an appeal. The trial court found, among other things, that trial counsel should have filed a notice of appeal. The trial court recommended that we grant Applicant an out-of-time appeal. We agree. *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) ("If the defendant does not wish to appeal, trial counsel's representation ends. If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with

the trial court"). Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in cause number 38837-B from the 124th District Court of Gregg County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: October 3, 2012
Do not publish